**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

LAURA DELELLIS,

Plaintiff,

v.

JOHNSON & JOHNSON and ETHICON, INC.,

Defendants.

JURY TRIAL DEMANDED

CIVIL ACTION NO: ____________

**DEFENDANT ETHICON, INC.'S NOTICE OF REMOVAL**

In accordance with 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Ethicon, Inc. ("Ethicon") timely removes this product-liability action to the United States District Court for the District of Massachusetts.[1] The United States District Court for the District of Massachusetts has original subject matter jurisdiction over this civil action under 28 U.S.C. §§ 1332(a) and 1441 *et seq.* because there is complete diversity between Plaintiff and the Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**INTRODUCTION AND SUMMARY**

1. On or about June 10, 2020, Plaintiff filed an action styled *Laura Delellis v. Johnson & Johnson and Ethicon, Inc.*, civil action number 2084CV01213-E, in Suffolk County, Massachusetts Superior Court.

2. Plaintiff's Complaint alleges product-liability claims under theories of negligence, strict liability, breach of warranty, fraud, and statutory consumer protection laws for alleged damages as a result of her alleged implantation with Ethicon's Prolene®, Mersilene®, and Ultrapro® mesh products. (*See* Compl. marked as Exhibit A, ¶¶ 39-66.)

[1] By removing this case to this Court, Ethicon, Inc., does not waive any defenses, objections, or motions available under state or federal law.

3. Putative service of a summons and a copy of the Complaint was received by Defendant Ethicon, Inc., on August 12, 2020. To date, Defendant Johnson & Johnson has not received any papers purporting to be a summons and complaint in this matter. This Notice of Removal of Defendant Ethicon, Inc., is within 30 days of the receipt of any putative service of a summons and Complaint and summons under 28 U.S.C. § 1446(b)(1), and therefore Defendant Ethicon, Inc.'s removal of the civil action is timely. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

## GROUNDS FOR REMOVAL

### I. Complete Diversity of Citizenship Exists Between Plaintiff and Ethicon, Inc., and Johnson & Johnson.

4. Plaintiff has been, and was at the time she filed this lawsuit, a resident citizen of the Commonwealth of Massachusetts, City of Chelsea, County of Suffolk. (*See* Compl. ¶ 2.)

5. Defendant Ethicon, Inc., is, and was at the time Plaintiff filed this lawsuit, a citizen of the State of New Jersey because it is incorporated under the laws of New Jersey and has its principal place of business in Somerville, New Jersey. *See* 28 U.S.C. § 1332(c)(1).

6. Defendant Johnson & Johnson is, and was at the time Plaintiff filed this lawsuit, a citizen of the State of New Jersey because it is incorporated under the laws of New Jersey and has its principal place of business in New Brunswick, New Jersey. *See id.*

7. Accordingly, complete diversity exists between Plaintiff and all Defendants.

### II. The Amount-in-Controversy Requirement Is Satisfied.

8. Under 28 U.S.C. § 1446(c)(2)(B), removal is proper if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Section 1446(a) requires a defendant seeking to remove a case to include in its notice of removal "a short and plain statement of the grounds for removal." The Supreme Court has explained that "by borrowing the familiar 'short and plain statement' standard from Rule 8(a)" of the Federal Rules of Civil Procedure, Congress "intended to 'simplify the pleading requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014) (quoting H.R. Rep. No. 100-889, p. 71(1988)) (internal quotation marks omitted). Thus, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and evidence establishing the amount in controversy is only required "when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 554; *see Bobola v. Wells Fargo Bank, N.A.*, 2016 WL 4844039, at *2 (D. Mass Sept. 13, 2016) (quoting *Dart Cherokee*, 135 S. Ct. at 554).

10. Plaintiff in this action alleges that as a result of her alleged implantation with Ethicon's hernia mesh, she "experienced significant physical and mental pain and suffering, sustained permanent injury, undergone medical treatment and will likely undergo further medical treatment, and suffered financial or economic loss, including obligations for medical services and expenses, lost income, and other damages." (Compl. ¶ 107; *see also, e.g.*, *id.* ¶¶ 119, 133, 137, 157, 168, and 195 (alleging that Plaintiff has "sustained severe and permanent physical injuries and mental pain, anguish, suffering, disability, impairment, loss of enjoyment of life, has incurred great expense for medical care and treatment and suffered other economic loss, including loss income, diminution of her earning capacity and other damages.").)

11. Based on these alleged injuries, Plaintiff seeks compensatory damages, as well as treble damages under Mass. Gen. Laws ch. 93A (*see* Compl. ¶¶ 225-235 & p. 65), which are

included in the amount in controversy, *see Law Office of Joseph J. Cariglia, P.C. v. Jelly*, 146 F. Supp. 3d 251, 254-55 (D. Mass. 2015).

12. In her Request for Relief, Plaintiff demands $10,000,000, exclusive of interests and costs, from Defendant Ethicon, Inc. She also demands $10,000,000, exclusive of interests and costs from Defendant Johnson & Johnson. *See* Compl., Doc. p. 65. Plaintiff also requests compensatory damages for past, present, and future damages for pain and suffering, permanent injuries, diminution of earning capacity, lost wages, and emotional distress, mental anguish, physical disfigurement and impairment, and health and medical costs. *Id*.

13. In further support that the requisite amount in controversy is satisfied, Plaintiff's Civil Action Cover Sheet filed in state court itemizes certain compensatory damages that her Complaint alleges that she is entitled to recover, including $480,000 for hospital expenses, $110,000 in doctor expenses, $115,000 in lost wages and compensation, $50,000 in reasonably anticipated future medical and hospital expenses, and $75,000 in anticipated lost wages. *See* Exh. B, p. 1.

14. Based on the foregoing, the allegations of the Complaint clearly show that the amount in controversy of $75,000.00, exclusive of interest and costs, is satisfied. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. at 554 ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and evidence establishing the amount in controversy is only required "when the plaintiff contests, or the court questions, the defendant's allegation.").[2]

---

[2] The preponderance-of-the-evidence standard was established in the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758. According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied. The 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in Federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or,

**III.     Defendants Have Met the Procedural Requirements for Removal.**

15.     Under 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).  Construing the relevant statute, the Supreme Court has held that a defendant's statutory period to remove does not begin to run, and a defendant is not required to remove, until the defendant has been served. *Murphy Bros., Inc.,* 526 U.S. at 347–48.

16.     Defendant Ethicon, Inc., received putative service of a summons and complaint on August 12, 2020.  Accordingly, the Notice of Removal is timely filed within the 30-day period required by 28 U.S.C. § 1446(b).

17.     Defendant Johnson & Johnson has not been served with summons or a copy of the Complaint in this matter.  Therefore, Johnson & Johnson is not required to consent to or join this Notice of Removal. 28 U.S.C. § 1446(b)(2)(A)-(B); *see Dichiara v. RDM Technologies*, 2009 WL 1351640, *3-4 (D. Mass. January 13, 2009) (finding that later-served defendant had thirty days within which to consent to removal from the date it was served, and not from the date upon which notice was served to the other defendants.)

18.     The Suffolk County Superior Court is located within the District of Massachusetts, *see* 28 U.S.C. § 101, and venue for this case is proper in this Court under 28 U.S.C. § 1441(a) because the District of Massachusetts embraces the place in which the removed action was pending.

19.     No previous application has been made for the relief requested herein.

---

if asserted, may not be bound by it." H.R. Rep. No. 112-10, at 15 (2011). Accordingly, "the defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id*. at 16.

20. Immediately following the filing of this Notice of Removal, written notice of the filing of this Notice will be delivered to Plaintiff's counsel, as required by 28 U.S.C. § 1446(d). Defendant Ethicon, Inc., will promptly file a copy of this Notice with the Clerk of the Suffolk County Superior Court, as required by 28 U.S.C. § 1446(d).

21. If any question arises regarding the propriety of the removal of this action, Defendant Ethicon, Inc., respectfully requests the opportunity to present evidence in support of the removal of this civil action over which the District Court has original jurisdiction. *See* 28 U.S.C. § 1446(a)(1); *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553-54 (2014).

WHEREFORE, Defendant Ethicon, Inc., gives notice that the case bearing civil action number 2084CV01213-E in the Suffolk County Superior Court is removed to this Court under 28 U.S.C. §§ 1332(a) and 1441 *et seq*.

Respectfully submitted,

**ETHICON, INC.**

BY ITS ATTORNEYS

*s/ Kathleen M. Guilfoyle*
JAMES M. CAMPBELL (BBO# 541882)
KATHLEEN M. GUILFOYLE (BBO# 546512)
EMILY D. AMRHEIN (BBO# 685407)
CAMPBELL CONROY & O'NEIL P.C.
1 Constitution Wharf, Suite 310
Boston, MA 02129
P: (617) 241-3000
F: (617) 241-5115
jmcampbell@campbell-trial-lawyers.com
kguilfoyle@campbell-trial-lawyers.com
eamrhein@campbell-trial-lawyers.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the following via the Court's ECF system and by U.S. Mail on September 8th, 2020:

Stephen J. Lyons (BBO# 309840)
KLIEMAN & LYONS
One International Place, 8th Floor
Boston, MA 02110
Tel: (617) 443-1000
Fax: (617) 608-2828
sjlyons@kliemanlyons.com

Frank Corso (BBO# 545552)
CORSO LAW, LLC
492 Winthrop Street, Suite 5
Rehoboth, MA 02769
Tel: (774) 901-2677
Fax: (774) 901-2678
fcc@corsolaw.com

ATTORNEYS FOR PLAINTIFF

*s/ Kathleen M. Guilfoyle*
KATHLEEN M. GUILFOYLE